**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


JESUS ORDONEZ,

     Plaintiff,

     v.                                       No. CV 11-0560 WJ/ACT

WARDEN - E. BRAVO,
ASSOCIATE WARDEN - ROBERT ULIBARRI,
DEPUTY WARDEN - C. STRICKLAND,
DHO - Lt. JESSICA VIGIL,
DHO - V. PEREZ,
S.T.I.U. Lt. - J.H. RODGERS,
C/O - E. SENA,

     Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>

     This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint.  Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.  For the reasons below, certain of Plaintiff's claims will be dismissed.

     The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff received a misconduct report for possessing dangerous contraband and was convicted of the charge in disciplinary proceedings.   He alleges that various Defendants mishandled, contaminated, fabricated, falsified, and withheld evidence; denied him a pre-hearing visit with his legal representative; violated departmental policies; and retaliated and discriminated against him. The complaint refers to segregation and loss of good time credits but does not specifically identify the disciplinary punishment that was imposed on Plaintiff.   Defendants denied his appeals and grievances.   They also allegedly denied him medical treatment for his mental health symptoms resulting from the disciplinary violations.   Plaintiff contends that Defendants' actions violated his rights under the Eighth and Fourteenth Amendments, and his allegations of retaliation implicate First Amendment protections. *See Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992) (stating that a plaintiff's pro se characterization of claims is not dispositive).   The complaint seeks damages and, in a supplement to the complaint (Doc. 4), dismissal of the disciplinary conviction.

Plaintiff's prison-disciplinary claims arise from events before, during, and after the proceedings against him.   He alleges that before the hearing on the misconduct report, officers violated departmental policies, denied him a pre-hearing visit with his legal representative, and submitted false and fabricated evidence.   He also alleges that the hearing itself and the conviction violated his Due Process rights.   After the hearing, his appeals and grievances were denied and he was subjected to retaliatory and discriminatory treatment.

2

No relief is available on Plaintiff's pre-hearing claims.  As noted above, Plaintiff first alleges that certain Defendants violated departmental policies and submitted false and fabricated evidence. These allegations that prison guards "filed a false misbehavior report which initiated [a] procedurally flawed disciplinary hearing," *Williams v. Smith*, 781 F.2d 319, 324 (2d Cir. 1986), do not state a claim for a constitutional deprivation.  "The filing of a false report does not, of itself, implicate the guard who filed it in constitutional violations which occur at a subsequent disciplinary hearing." *Id.* This Court agrees that the filing of a disciplinary report and submitting evidence, even if false, do not violate a prisoner's Due Process rights.

Plaintiff also contends that he was denied a pre-hearing visit with an inmate legal representative.  He does not allege that he "is within the class of inmates entitled to advice or help from others in the course of a prison disciplinary hearing." *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974).  He therefore had no constitutionally protected interest in representation by a fellow inmate. *See id.*  Accordingly, Plaintiff's claims for pre-hearing Due Process violations will be dismissed for failure to state a claim upon which relief can be granted.

As to the conviction itself, Plaintiff refers to loss of good time credits (p. 14), but does not specifically allege that his punishment included such a forfeiture.  Plaintiff must bring his claim for dismissal of the disciplinary conviction and restoration of credits in a habeas corpus petition.  *See Caserta v. Kaiser*, No. 00-6108, 2000 WL 1616248, at **1 (10th Cir. Oct. 30, 2000); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).  Furthermore, he may not bring a § 1983 damages claim for wrongful forfeiture of good time credits until the credits are restored.  *See Edwards v. Balisok*, 520 U.S. 641, 646-47 (1997) (restating that the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994) applies to §1983 action based on loss of good time credit affecting length of sentence)).  Plaintiff does not allege that his

disciplinary conviction has been set aside or his good time credits restored. *See Heck v. Humphrey*, 512 U.S. at 486-87. To the extent that Plaintiff's punishment included loss of credits, his claims for dismissal of the conviction and damages for the forfeiture will be dismissed without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).

Alternatively, if the disciplinary punishment did not include forfeiture of credits, the length of Plaintiff's sentence was not affected. In this circumstance, Plaintiff may pursue a § 1983 claim for damages for the actions taken in the course of his disciplinary hearing. *See Wolff v. McDonnell*, 418 U.S. at 554-44; *Gregory v. Wyse*, 512 F.2d 378, 381 (10th Cir. 1975). Prison disciplinary hearings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such a prosecution do not apply. *See Wolff v. McDonnell*, 418 U.S. at 556. The minimum due process requirements for prisoners in the context of a disciplinary hearing are: (1) written notice of the charges brought against the inmate at least twenty-four hours before the hearing, (2) the right to call witnesses and present evidence at the hearing, (3) a written statement by the fact-finder as to the evidence relied upon and the reason for any action taken, *see id.* at 564-566; *Superintendent v. Hill*, 472 U.S. 445 (1985); *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990), and (4) support for the findings "by some evidence in the record." *Superintendent v. Hill*, 472 U.S. at 454. Here, although Plaintiff complains about the nature of the evidence submitted to the hearing officer, he makes no allegation that the minimum due process requirements were not met. *See Smith v. Maschner*, 899 F.2d at 946. Plaintiff's claims against his disciplinary conviction will be dismissed.

After the disciplinary conviction, certain Defendants denied Plaintiff's appeals and grievances. The Supreme Court has determined that there exists no due process right to such an appeal. *See Wolff v. McDonnell*, 418 U.S. 564-66. Furthermore, "a denial of a grievance, by itself

4

without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983. . . .  Because [Ordonez]'s only allegations involving these defendants relate to the denial of his grievances, he has not adequately alleged any factual basis to support an 'affirmative link' between these defendants and any alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).  " 'When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.'  Consequently, any alleged deprivation of the prison grievance process here failed to implicate [Ordonez]'s right of access to the courts." *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam)).  The Court will dismiss these claims.

Plaintiff also alleges that the actions of various Defendants were retaliatory.  "An inmate claiming retaliation must 'allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.' "  *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (citation omitted).

> We have held that "[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his" constitutional rights. "This principle applies even where the action taken in retaliation would be otherwise permissible.". . . Obviously, an inmate is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity.  Accordingly, a plaintiff "must prove that 'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." An inmate claiming retaliation must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."

*Id.* (internal citations omitted).  Here, the complaint's only specific allegation is that Defendant Strickland threatened Plaintiff "for incriminating him" during disciplinary proceedings. Otherwise,

Plaintiff makes only conclusory assertions of retaliation, which provide an inadequate basis for a retaliation claim under § 1983. *See id.* The Court will dismiss Plaintiff's retaliation claims against parties other than Defendant Strickland.

Plaintiff also alleges that he was denied medical treatment in violation of his Eighth Amendment protections. Specifically, he alleges that he "suffer[s] physical and mental distress, headaches, and depression," (p. 14), and has been denied mental health treatment. One of the "core" concerns of the Eighth Amendment is inmate access to necessary medical care, *see Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir. 1980), "including psychological or psychiatric care," *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (citing *Ramos*, 639 F.2d at 574). To articulate an Eighth Amendment cause of action premised on an allegation that Defendants were deliberately indifferent to Plaintiff's serious medical needs, he must allege both that the pain or deprivation he suffered was sufficiently serious and that the Defendants acted with a sufficiently culpable state of mind. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991) (citation omitted). In *Riddle v. Mondragon*, the court ruled that sex-offender prisoners who "alleged that [they were] driven by sexually compulsive drives that are deviant; and that [their] condition erodes [their] self-esteem to the point of apathy, reinforcing fear and feelings of differentness, *inter alia*, [had not] adequately alleged that they suffer from a serious mental disorder." *Riddle*, 83 F.3d at 1204. Under *Riddle*, Plaintiff's allegations of distress and headaches resulting from Defendants' actions and disciplinary proceedings do not amount to a serious medical condition requiring psychological care. *See id.*; *and cf. Farmer*, 511 U.S. at 847. His claim for denial of psychological treatment will be dismissed.

And last, the complaint makes a reference to racial discrimination, (p. 13), but provides no factual basis for this apparent claim. To the extent that Plaintiff intended to pursue a claim of racial

discrimination, the Court will dismiss the claim.

IT IS THEREFORE ORDERED that, to the extent that Plaintiff's disciplinary punishment included loss of good time credits, his claims for dismissal of the conviction and restoration of credits are DISMISSED without prejudice to his rights under the habeas corpus statutes;

IT IS FURTHER ORDERED that, except for the retaliation claim against Defendant Strickland, Plaintiff's claims for Due Process violations, retaliation, and discrimination are DISMISSED with prejudice; Defendants Bravo, Ulibarri, Vigil, Perez, Rodgers, and Sena are DISMISSED as parties to this action; and the Clerk is directed to issue notice and waiver of service forms for Defendant Strickland.

_____

UNITED STATES DISTRICT JUDGE