IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESUS ORDONEZ,

        Plaintiff,

   vs.                                 No. CV-11-560 WJ/ACT

E. BRAVO, Warden, et al.,

        Defendant.

**MAGISTRATE JUDGES' REPORT AND RECOMMENDATION[1]**

THIS MATTER comes before the Undersigned on the Order of Reference by the Honorable William Johnson [Doc. 9] filed January 10, 2012, to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.

1. Plaintiff filed his Civil Rights Action Authorized [by] 42 U.S.C. Section 1983 ("Complaint") [Doc. 1] on June 22, 201. The Court issued a Memorandum Opinion and Order dismissing all of Plaintiff's claims and all defendants except for Plaintiff's retaliation claim against Strickland [Doc. 10] on February 8, 2012. Strickland filed his Answer to Plaintiff's Complaint [Doc. 13] on March 12, 2012.  The Undersigned ordered a *Martinez* Report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir.1978) [Doc. 14] on March 30, 2012. Strickland filed his *Martinez* Report [Doc. 15] on April 30, 2012, and argued he is entitled to summary judgment. Pursuant to the Order for *Martinez* Report, Plaintiff had thirty (30) days to file a response.  [Doc. 14, p. 2.]  Plaintiff did not file a response to the *Martinez* Report.  Strickland

---

[1] The parties will be given the opportunity to object to the Report and Recommendation as described in 28 U.S.C. § 636(b)(1).  Objections must be filed within fourteen (14) days after being served with a copy of the Report and Recommendation.  A party waives the right to challenge the Magistrate Judge's Report and Recommendation if the party does not file timely and specific objections.

filed his Reply in Support of Defendant C. Strickland's *Martinez* Report and Motion for Summary Judgment [Doc. 16] ("Reply") on June 5, 2012.

2.   As an initial matter, Strickland argues that he is entitled to summary judgment because Plaintiff failed to respond to the *Martinez* Report and Motion for Summary Judgment.  [Doc. 15, p. 6 and 10.]  Strickland correctly argues in his Reply that pursuant to D.N.M.LR-Civ. 7.1(b), his motion for summary judgment should be granted because the failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion. [Doc. 16, p. 1.]  Plaintiff was on notice that his failure to respond could result in summary judgment.  In the Order for the *Martinez* Report, the Court advised that ". . .a failure to file a response to the *Martinez* Report may serve as a basis for summary judgment against Plaintiff." [Doc. 14, p. 2.] The Undersigned, having considered the parties' filings, the relevant law, and otherwise being fully advised, recommends for this reason and the reasons set forth below, that Plaintiff's Complaint be dismissed.

UNDISPUTED MATERIAL FACTS

3.   Plaintiff Jesus Ordonez ("Plaintiff"), appearing *pro se*, is a prisoner in the custody of the New Mexico Corrections Department ("NMCD").  [Doc. 15, p. 1.] At the time his claims arose, Plaintiff was incarcerated at the Guadalupe County Correctional Facility ("GCCF") in Santa Rosa, New Mexico, where Defendant Christopher Strickland ("Strickland") was Deputy Warden. [Doc. 1, p. 3; Doc. 15, p. 1.] On January 20, 2011, Plaintiff was issued a misconduct report alleging that he was in possession of dangerous contraband.  [Doc. 1, p. 6; Doc. 15-1, p. 1] The contraband consisted of six objects sharpened to a point commonly called "shanks." [Doc. 15-1, p. 1.]  Following an investigation, a disciplinary hearing was held on February 9, 2011, in which Plaintiff was found guilty of possessing the shanks and discipline was imposed.  [Doc. 15-4, p. 3

– 4, p. 8 – 10.] As Deputy Warden, Strickland approved the recommended decision of the Disciplinary Hearing on February 11, 2011. [Doc. 15-4, p. 8.]

4.   Plaintiff claims that subsequent to his disciplinary hearing, he used the prisoner grievance procedure "to try and solve the problem." [Doc. 1, p. 11.]   Plaintiff claims he filed five (5) informal complaints from February 22, 2011 through March 1, 2011. *Id.* Plaintiff alleges that instead of a response to his grievances, he received threats from prison employees including Strickland. *Id.* Specifically, Plaintiff claims that on February 14, 2011, Strickland "stated that he would make me pay dearly for incriminating him!" [Doc. 1, p. 11.]   On February 23, 2011, Plaintiff appealed the disciplinary decision, but makes no mention of the alleged threat by Strickland in his appeal.  [Doc. 15-4, pp. 11 – 29.] The Warden upheld the hearing officer's decision.  [Doc. 15-4, pp. 30 – 31.]

5.   At the time of the purported threat by Strickland, GCCF had a three-step grievance process:  first, if the inmate cannot resolve the grievance through discussion with the person or persons responsible for the incident giving rise to the complaint, he is required to file an written informal complaint; second, if the informal complaint fails to resolve the issue, the inmate may file a written formal grievance with the non-resolved informal complaint attached; and third, if the formal complaint fails to resolve the issue to the inmate's satisfaction, the inmate may appeal the grievance to the Office of the Secretary of Corrections who will render a final decision. [Doc. 15-9, p. 19.]

6.   In accordance with the policies and procedures at the GCCF, "individual employee actions" and "perceived reprisal for use of, or participation in, the grievance process" are both "grievable" by inmates at the GCCF.  [Doc. 15-9, p. 15.] Any matter involving disciplinary

procedure and findings are not grievable.  [Doc. 15-9, p. 16.] There is a separate appeal process

provided by NMDC policy for disciplinary actions.  *Id.*

7.   Plaintiff filed four grievances in March of 2011. [Docs. 15-5, p. 1, ¶4; 15-6 (dated

3/21/11); 15-7 (dated 3/21/11); 15-8 (dated 3/21/11); 15-9 (dated 3/25/11).] None of the

grievances submitted by Plaintiff addresses the alleged threat by Strickland. Rather they address

a disciplinary action with regard to the alteration of Plaintiff's cell.  *Id.*

RELEVANT LAW

8.   Strickland requests that the Court construe his *Martinez* Report as a Motion for Summary

Judgment.  [Doc. 15, p. 1.] Summary judgment is appropriate if the moving party demonstrates

that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a

matter of law." *Gunn v. Steed,* 10-3213-SAC, 2012 WL 2359638 (D. Kan. June 20, 2012)

(quoting Fed.R.Civ.P. 56(c); and citing *Spaulding v. United Transp. Union,* 279 F.3d 901, 904

(10th Cir.), cert. denied, 537 U.S. 816 (2002)). In attempting to meet this standard, a movant that

"does not bear the ultimate burden of persuasion at trial" need not negate the other party's claim;

rather, the movant may simply point out to the court "a lack of evidence for the nonmovant on an

essential element of that party's claim." *Id.* (citing *Adams v. Am. Guar. & Liab. Ins. Co.*, 233

F.3d 1242, 1246 (10th Cir.2000)). Once the movant has met its initial burden, the burden shifts

to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."

*Id.* (quoting *Spaulding,* 279 F.3d at 904).

9.   In responding to a motion for summary judgment, the nonmoving party "may not rest

upon mere allegation" in his pleading to satisfy his burden. *Id.* (citing *Anderson v. Liberty Lobby,*

*Inc.,* 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986); *Eck v. Parke, Davis &*

*Co*., 256 F .3d 1013, 1017 (10th Cir.2001)). Rather, the nonmoving party must set forth specific

facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant. *Id.* (citing *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir.2006)). To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Id.* Summary judgment is not disfavored, but is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex,* 477 U.S. at 327 (quoting Fed.R.Civ.P. 1).

10. In considering a dispositive motion, a *Martinez* report is treated as an affidavit. *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991). The Court likewise treats the pro se prisoner's complaint as an affidavit insofar as it has been sworn under penalty of perjury and alleges facts based on plaintiff's personal knowledge. *Id*. Affidavits or other evidence offered by a nonmovant must create a genuine issue for trial. *Hall,* 935 F.2d at 1111. When the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Id*. (citations and quotations omitted).

11. A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Hall*, 935 F.2d at 1110 (citations omitted). This rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. *Id*.  At the same time, it is not the proper function of the district court to assume the role of advocate for the pro se litigant. *Id*.

12. In his *Martinez* report, Strickland makes three arguments in support of summary judgment: first, that Plaintiff failed to exhaust his administrative remedies; second, that Plaintiff cannot demonstrate a violation of his constitutional rights; and third that Ordonez has not alleged that Strickland has acted pursuant to a policy or custom of his employer. Because Plaintiff's Complaint fails for failure to exhaust his administrative remedies, the merits of Strickland's other arguments need not be addressed.

## DISCUSSION

13. The Prisoner Litigation Reform Act's ("PLRA") exhaustion provision states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). Under the PLRA, a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court. *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citing 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)). "Indeed, 'unexhausted claims cannot be brought in court.'" *Id.*, (quoting *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)). Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure. *Id.* (citing *Jones*, 549 U.S. at 218; *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006)). Inmates must complete the entire review process in accordance with the rules that are defined by the prison grievance process itself. *Rouse v. Baca*, CV 11-0433 MV/CG, 2012 WL 4498866 (D.N.M. Sept. 25, 2012) (citation omitted); *Little*, 607 F.3d at 1249 ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim....") (quoting

*Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir.2002)).  "Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed." *Gray v. Houston*, CIV 10-366-RAW-SPS, 2012 WL 1068966 (Mar. 29, 2012), appeal dismissed (Apr. 27, 2012) (citing *Booth*, 532 U.S. at 740–41; *Yousef v. Reno*, 254 F.3d 1214, 1216 n. 1 (10th Cir.2001)).

14. In this case, there is no dispute of material fact.  Plaintiff failed to respond and did not submit any evidence to contradict the facts in the *Martinez* Report.   "Although a nonmoving party may not rely merely on the unsupported or conclusory allegations contained in his pleadings, a verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e)." *Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir.1988).  Plaintiff's Compliant cannot be construed as an affidavit because it is not a statement made under the penalty of perjury.[2] Plaintiff, therefore, cannot rely on the factual allegations in his Complaint to defeat summary judgment but must come forth with specific facts that would be admissible in evidence, which he failed to do. Therefore, there is no genuine dispute as to any material fact. Since there are no issues for trial, the Court must determine whether Strickland is entitled to judgment as a matter of law.

15. It is undisputed that Plaintiff failed to complete the grievance process with regard to the threats by Strickland. Strickland submits an affidavit from Lieutenant Jessica Vigil, the custodian of inmate grievance and disciplinary records at the GCCF. [Doc. 15-5, p. 1, ¶ 1.]  Lt. Vigil states,

---

[2] While the Complaint contains the language "Sworn To and Subscribed Before Me The Undersigned Authority On This Day _____of_____2011," with a signature line for a Notary Public's signature and seal, there is no Notary Public signature or seal affixed to the Complaint and, therefore, it cannot be considered a statement made under the penalty of perjury.  *Jenkins v. Winter*, 540 F.3d 742, 747 (8th Cir.2008) (concluding that an affidavit was valid, for purposes of summary judgment, when it bore the affiant's signature, bore a notary seal, and an attestation before a notary public); see also, *Portley-El v. Bivens*, CIV-08-160-D, 2009 WL 806793, FN11 (W.D. Okla. Mar. 24, 2009) (citing *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir.1985) ( "Affidavits are admissible in summary judgment proceedings if they are made under penalties of perjury; only unsworn documents purporting to be affidavits may be rejected."; 28 U.S.C.A. § 1746 (2) requiring an affidavit to declare that it has been made under the penalty of perjury.

and the attached grievances demonstrate, that Plaintiff submitted four grievances while an inmate at GCCF. None of the grievances submitted address Strickland's alleged threat.  [Doc. 15-5, p. 1, ¶ 4.] Plaintiff was clearly aware of the grievance procedure and that the alleged threat by Strickland is a grievable matter under the policy. Plaintiff does not allege that he exhausted his administrative remedies or that he ever filed a grievance with regard to Strickland's alleged threat.  Plaintiff was required to exhaust the alleged retaliation claim before filing suit and there is no evidence that he did so.   Accordingly, Strickland is entitled to summary judgment as a matter of law.

16. "Failure to exhaust administrative remedies is often a temporary, curable, procedural flaw. If the time permitted for pursuing administrative remedies has not expired, a prisoner who brings suit without having exhausted these remedies can cure the defect simply by exhausting them and then reinstituting his suit (in the event the administrative claim fails to afford him the desired relief)." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) abrogated by *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (quoting *Snider v. Melindez*, 199 F.3d 108, 111-12 (2d Cir.1999)). A dismissal based on lack of exhaustion, therefore, should ordinarily be without prejudice. *Steel*, 355 F.3d at 1213.

<u>RECOMMENDED DISPOSITION</u>

I recommend that that Plaintiff's retaliation claim against Defendant Strickland be dismissed, without prejudice, for failure to exhaust administrative remedies.


_____
Alan C. Torgerson
United States Magistrate Judge